IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mindy Jaye Zied-Campbell,   :
Dennis John Campbell,    :
    Petitioners   :
           :
   v.      :  No. 1537 C.D. 2017
           :  Submitted: November 16, 2018
Department of Human Services,  :
    Respondent   :


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT      FILED: March 22, 2019

    Mindy Jaye Zied-Campbell (Campbell) and her husband, Dennis John Campbell,[1] *pro se*, petition for review of an adjudication of the Department of Human Services, Bureau of Hearings and Appeals (Bureau) that dismissed Campbell's appeal as abandoned. For the following reasons, we affirm.

    Campbell and her husband are the recipients of Supplemental Nutrition Assistance Program (SNAP) benefits.[2] On March 8, 2017, the Philadelphia County Assistance Office issued an advance notice to Campbell informing her that, beginning in April 2017, her monthly SNAP benefits would decrease from $111.00 to $27.00 based on a change in income. Campbell appealed, and an Administrative Law Judge (ALJ) conducted a fair hearing via telephone on April 12, 2017. Because

---

[1] Although Campbell and her husband jointly filed the petition for review, Campbell is listed as the recipient of the public benefits at issue and was the petitioner in the proceedings before the Bureau.

[2] SNAP benefits were formerly known as "Food Stamps." 7 U.S.C. §§2011-2036c.

Campbell failed to participate in the hearing or contact the Bureau, the ALJ dismissed the appeal. Campbell requested reconsideration from the Secretary of Human Services and provided good cause for not participating in the telephone hearing. Accordingly, on May 22, 2017, the Secretary granted reconsideration and directed the Bureau to conduct a new hearing on the merits.

In June 2017, Campbell filed a motion to present her case by brief in lieu of appearing at the hearing. On June 8, the Bureau granted the request and directed Campbell to file her brief by June 23. The June 8 order informed Campbell that she would be receiving a mailing containing a new date and time for the telephonic remand hearing. The order also provided Campbell with a phone number to dial in if she wanted to participate. On June 12, Campbell filed a motion to transfer her case to an ALJ in Philadelphia. The Bureau denied the motion. On July 13, the Bureau sent Campbell a notice scheduling the remand hearing for August 2. On July 17, Campbell again moved to transfer her case to Philadelphia. This motion was also denied.

Campbell did not file a brief by the June 23 deadline. On August 2, the ALJ proceeded with the remand hearing by telephone. Campbell did not call in or participate in the hearing. A representative from the County Assistance Office participated and presented evidence. Because Campbell failed to participate, the ALJ dismissed the appeal as abandoned pursuant to 55 Pa. Code §275.4(e)(6)(iii)(A).[3] On August 17, 2017, the Bureau entered a final order

---

[3] Section 275.4(e)(6)(iii)(A) provides:

> (iii) Hearing abandoned. Appeals will be considered abandoned in accordance with the following:
>
> > (A) If the appellant or his representative fails to appear at the scheduled hearing without good cause as determined by the hearing

2

dismissing Campbell's appeal. Campbell and her husband (Petitioners) then petitioned for this Court's review.

On appeal,[4] Petitioners devote most of their brief to the merits of the case, *i.e.*, that the Department improperly reduced their SNAP benefits. However, the only issue before this Court is whether the Bureau erred in dismissing Campbell's appeal as abandoned. Under Section 275.4(e)(6)(iii)(A) of the Department's regulations, "[i]f the appellant … fails to appear at the scheduled hearing without good cause as determined by the hearing officer, the appeal will be considered to be abandoned and will be dismissed." 55 Pa. Code §275.4(e)(6)(iii)(A).

Petitioners argue that they did not participate in the August 2, 2017, hearing because they were waiting for the Bureau to rule on Campbell's request to have her case heard by an ALJ in Philadelphia. They state that they were unaware that the August 2 hearing would continue in their absence while their transfer request was pending.

This argument lacks merit. By correspondence postmarked July 13, 2017, the Bureau informed Campbell that the remand hearing would be conducted by phone on August 2, 2017, at 11:40 a.m. *See* Supplemental Certified Record at 258-59. Petitioners do not claim that they did not receive this notice. That Campbell filed her second motion to transfer her appeal to Philadelphia on July 17 is of no

---

officer, the appeal will be considered to be abandoned and will be dismissed.

55 Pa. Code §275.4(e)(6)(iii)(A).

[4] Our review determines whether an error of law was committed, whether constitutional rights were violated, or whether the findings of fact are supported by substantial evidence. *Our Lady of Victory Catholic Church v. Department of Human Services*, 153 A.3d 1124, 1127 n.3 (Pa. Cmwlth. 2016).

moment.  The Bureau had also previously granted Campbell's request to present her case by brief in lieu of participating in the hearing, and Campbell failed to file a brief by the June 23 deadline.  In light of Campbell's failures to move her appeal forward, the Bureau did not err in dismissing it as abandoned.

Accordingly, we affirm the Bureau.

_____
MARY HANNAH LEAVITT, President Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Minday Jaye Zied-Campbell,       :
Dennis John Campbell,            :
      Petitioners   :
                   :
      v.            :   No. 1537 C.D. 2017
                   :
Department of Human Services,     :
      Respondent    :

## **O R D E R**

AND NOW, this 22nd day of March, 2019, the order of the Department of Human Services, Bureau of Hearings and Appeals, dated August 17, 2017, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge